UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 08 2016
Per_____
DEPUTY CLERK

DANA LINDSTROM,                     :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :   CIVIL NO. 3:16-CV-2195
                                    :
SCI-CAMP HILL MEDICAL DEPT.,        :
et al.,                             :   (Judge Kosik)
                                    :
    Defendants.                     :

# MEMORANDUM

Plaintiff Dana Lindstrom commenced this civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2016. Named as defendants are the Medical Department at the State Correctional Institution ("SCI") at Camp Hill, and Drs. Boggio and Manning, both of whom are employed there. Although the incident complained of occurred while Plaintiff was confined at SCI-Camp Hill, he now appears to be confined at the SCI-Albion, Pennsylvania. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis (Doc. 2) in this matter. For the reasons that follow, the motion to proceed in forma pauperis (Doc. 2) will be granted, and the Clerk of Court will be directed to issue an Administrative Order in this case to the appropriate financial officer at SCI-Albion. Defendant SCI-Camp Hill Medical Department will be dismissed as a defendant, and any claims of negligence by the

defendants will also be dismissed. The Clerk of Court will be specially appointed to serve the waiver documents on Defendants Boggio and Manning. The Eighth Amendment claims against these two defendants will be the only viable claims in this action.

## I. Background

Plaintiff alleges that on January 1, 2016, while housed at SCI-Camp Hill, on B-Unit, he tripped and fell into a window that was previously broken. He claims there was already a hole in the window and that when he fell into it, he badly cut his left index finger. (Doc. 1, Compl. at 8.) Plaintiff was sent to the medical department where he was eventually sutured. According to the exhibits, it was Defendant Manning who was called and came in to the prison. Manning did the suturing when the first two doctors called were unable to do so. According to Plaintiff, he was not sent to an outside hand specialist, and was unable to perform his work with machines and tools, in that he was unable to use his finger. He claims that he filed grievances complaining about the doctors' negligence and that "the doctors, especially Dr. Boggio, lied to [him] for months about seeing a hand specialist," and that this was deliberate indifference. (Id.) He states that when he finally saw a hand specialist, he was told he would need intensive therapy for three (3) months, three times a week, prior to any surgery being performed. It is Plaintiff's assertion that SCI-Camp Hill

would never go for any surgery being performed, and that this was in violation of his Eighth Amendment rights. He attacks the treatment of his hand by Defendants as both negligent and deliberately indifferent under the Eighth Amendment.

Attached to the complaint's "Statement of Claim" is Exhibit A, a time line of the alleged occurrences in this case by date. (Id. at 11-13.) In this exhibit, Plaintiff provides many details. Also attached are grievances filed by Plaintiff with respect to this issue. Although Plaintiff does not specify Defendant Manning by name in the complaint, he does so in the attached exhibits. As such, and in reading the pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519 (1972), the court will not direct Plaintiff to file an amended complaint in this matter. It is clear in reading the complaint, and the attached exhibits, what Plaintiff is alleging against Defendants Boggio and Manning. Plaintiff seeks compensatory, injunctive and punitive relief. (Id. at 3.)

## II. Discussion

### A. Legal Framework for screening of a pro se complaint

The court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, when reviewing in forma pauperis complaints, 28 U.S.C. §

1915(e)(2)(B)(ii) instructs the court to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. :P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald

4

assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal

5

conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "first, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

A civil complaint must also comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure and contain a short, plain statement of the grounds for the court's jurisdiction, a short, plain statement of the claim showing that plaintiff is entitled to relief and a demand for the relief sought. See Fed. R. Civ. P. 8(a).

In applying these legal benchmarks, the court will dismiss one of the three defendants, as well as any claim under § 1983 for negligence. The Eighth Amendment claims against Defendants Boggio and Manning will be served.

**B.     Analysis of complaint**

In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Mark v. Boro. of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995). A medical department of a prison is not a person under §1983. It is well established that a prison or a correctional facility is not a person for purposes of civil liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams Cnty. Prison, Civ. No. 97-0043, slip op. at 4 (M.D. Pa. Jan. 30, 1997)(Rambo, C.J.). The Court of Appeal in Fischer also recognized that a prison's medical department may not be sued in a civil rights action since it is not a person. See Fischer, 474 F.2d at 992; see also Stanley v. Delaware Co. Medical Dept., 1991 WL 29928 at *1 (E.D. Pa. Feb. 27, 1991)(prison medical department clearly not a person for purposes of § 1983). As such, said Defendant will be dismissed from this action.

Moreover, to the extent Plaintiff seeks to raise negligence claims under § 1983,

7

he also fails to state a claim. It is well known that the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rose v. Plantier, 182 F.3d d192, 197 (3d Cir. 1999)(citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

With respect to the subjective deliberate indifference component, the Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a

8

prisoner." Estelle, 429 U.S. at 106. Where inadequate treatment results simply from an error in medical judgment, no claim is stated under the Eighth Amendment. Id.

Any amendment with respect to either of the above matters would be futile, and therefore the allowance of an amendment is not necessary. A prison medical department is not a proper defendant and any claims of negligence under § 1983 fail to state a claim. No leave to amend these defects will be granted in that any such amendment would not cure the defects. See generally Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). As such, the Clerk of Court will be specially appointed only to serve Defendants Boggio and Manning with the complaint in this action. Only the Eighth Amendment claims will move forward against these Defendants. To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on each of the two defendants (Defendants Boggio and Manning). The waiver requests shall inform Defendants both of the consequences of compliance and of failure to comply with the requests. Defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system. If a signed waiver is not returned or

9

electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each defendant so that the court can effect service. At this time, service will be attempted on Defendants at the address Plaintiff has listed for them in the complaint. However, if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons due to Plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant. If Plaintiff does not have sufficient copies of these forms to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On each form, Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he/she: (1) has waived service; or (2) has been served with a summons and the amended complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff. An appropriate order follows.